IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

GERALD MOLLOHAN,

      Petitioner,

v.                       Case No. 2:04-cv-01021

THOMAS MCBRIDE, Warden,
Mount Olive Correctional Complex,

      Respondent.


## PROPOSED FINDINGS AND RECOMMENDATION

Pending are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 1) and Petitioner's Motion to Hold Federal Habeas Corpus Petition in Abeyance (# 3). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 17, 2004, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket sheet document # 1). Petitioner's 2254 petition lists "ineffective assistance of counsel," the "failure to disclose [e]vidence favorable to the defense," and "denial of a fair an[d] impartial jury when one of the jurors was an illegal juror" as grounds for relief. (Id. at 5-6). The section 2254 form petition further

states that Petitioner "cites each issue raised on his original Habeas Petition before the Circuit Court of Kanawha County, and those raised on Appeal." (Id. at 6).  Petitioner attached to his Federal petition his Petition for Appeal concerning the denial of his Kanawha County habeas petition, the Order denying the Kanawha County petition on its merits, and other exhibits.  (Id.)

On September 17, 2004, Petitioner also filed a "Motion to Hold Federal Habeas Corpus Petition in Abeyance" (# 3).  This motion states in pertinent part:

> Wherefore, if this Honorable Court is going to apply the one-year period of limitation from the direct review in Petitioner's case that date would be September 10, 2004, and the one year period of limitation under 28 U.S.C. § 2244(d)(1)(A) would expire on around November 2004.  Petitioner was further showed the Petitioner's Habeas Corpus Counsel seemed to have filed a mixed Petition and Appeal, and left out important issues for the Circuit Court and Appellate Court to review.  This issue would be unexhausted issues.

> With such pressing time frame, it is not possible for the Petitioner to file a completed Federal Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, at this date and time and your Petitioner reserves the right to AMEND his Federal Petition for Writ of Habeas Corpus, filed simultaneously herewith, following an opportunity to obtain all records from the Attorney and Court.

> * * *

> The Petitioner is seeking a Copy of all Court Proceedings, if any exist, and have the Legal Aide to go over them to assure all issues are properly raised.

> * * *

> Wherefore, Petitioner respectfully moves this Honorable Court to hold his § 2254 Habeas Corpus Petitioner [sic; Petition] in Abeyance until he has an

2

> opportunity to present the unexhausted issues before the
> Circuit Court of Kanawha and the State Appellate Court,
> or in the alternative, allow the Petitioner Six-Months to
> file an amended Brief before this Court citing the
> grounds, or further consider all issues in the enclosed
> Habeas Appeal as Grounds exhausted and raised.

(# 3 at 3, 7-8).

On September 23, 2004, the undersigned entered an Order directing Respondent to file a response, by October 6, 2004, to Petitioner's Motion to Hold Federal Habeas Corpus Petition in Abeyance. (# 4).  On October 1, 2004, Respondent filed a response and related exhibits (## 7 and 8).  The response contained the following procedural history, which has been confirmed by the undersigned:

Following a jury trial in the Circuit Court of Kanawha County, West Virginia, on June 20, 1995, Petitioner was convicted of two counts of sexual assault in the first degree (Case No. 94-F-327). By Order entered on November 6, 1995, Petitioner was sentenced to two consecutive terms of imprisonment of 15 to 35 years. (# 7, Ex. 1).

On May 16, 1996, Petitioner, by counsel, filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (hereinafter the "SCAWV").  That petition raised the following grounds for relief:

> A.   The Circuit Court erred by admitting highly
>      prejudicial and inflammatory "other crime" evidence
>      in contravention of West Virginia law, thus,
>      denying the Petitioner his constitutional right to
>      a fair trial.

3

       B.    The Petitioner was denied his fundamental right to be tried by a jury of his peers, pursuant to Article III, § 14 of the West Virginia Constitution and the Sixth Amendment of the United States Constitution, as one of the jury panel members hearing his case was not a Kanawha County resident at the time of trial.

(# 7, Ex. 2). The Petition for Appeal was refused by the SCAWV on September 18, 1996. (Id., Ex. 2). Petitioner did not file a petition for a writ of certiorari in the Supreme Court of the United States. Thus, Petitioner's judgment became final on or about December 17, 1996, and the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began to run on December 18, 1996.

On October 6, 1997, however, Petitioner filed a pro se Petition for a Writ of Habeas Corpus in the SCAWV under its original jurisdiction. (Id., Ex. 3). The following 12 claims were alleged in this petition:

       1.    The petit jury was unconstitutionally selected and impaneled.

       2.    The trial court admitted highly prejudicial and inflammatory "other crime" evidence without limiting instructions.

       3.    The trial court denied Petitioner's motion for psychological examination of the alleged victim.

       4.    Denial of effective assistance of counsel. (Petitioner then lists 35 grounds of alleged ineffective assistance by his trial and appellate counsel.)

       5.    The confrontation clause requires exclusion of the out-of-court statements concerning Judge John Hey and Jeremy White and about Terry Campbell.

6.   Failure of the prosecution to disclose evidence favorable to Petitioner.

7.   Improper scope of cross-examination of Barry Bostic.

8.   Improper admission of Rule 404(b) evidence.

9.   Rule 403 unfair prejudice to Petitioner.

10.  Failure of the trial court to include Petitioner in bench conferences.

11.  Improper communication by trial court with jury without Petitioner being present.

12.  Trial court did not take Petitioner's motion for reduction of sentence seriously.

(Id.)

On May 20, 1998, the SCAWV granted the petition and ordered that a writ of habeas corpus be issued to the Circuit Court of Kanawha County for a determination on the merits of Petitioner's claims. (Id.)

Petitioner's habeas corpus claims were considered by the Circuit Court of Kanawha County in Case No. 98-MISC-339. Assistant Public Defender Wendy A. Campbell was appointed to represent Petitioner in those proceedings. On March 13, 2002, Petitioner, by counsel, filed an Amended Petition of Habeas Corpus. (# 19, Ex. 6). The Amended Petition raised the following grounds for relief:

1.   Ineffective assistance of counsel

     A.   Calling as a character witness the man who posted bond on a subsequent sexual assault charge.

5

      B.    Failure to investigate possible exculpatory material.

      C.    Trial counsel failed to fully advise Petitioner of the effects of his testimony and to provide him with a copy of his pre-sentence investigation.

      D.    Trial counsel failed to move for a mistrial.

      E.    Failure to call Dr. Clayman as a witness.

      F.    Failure to object to Dr. Prevail's testimony.

      G.    Failure to object to improper comments made during closing arguments.

2.   Fair trial violations

      A.    Failure to provide proper discovery.

      B.    Failure to release exculpatory material.

      C.    Petit jury was unconstitutionally selected and impaneled.

      D.    Improper comments in State's closing.

      E.    Failure to strike two jurors for cause.

(Id.)  On November 25, 2005, Petitioner, by counsel, filed a Supplemental Amended Petition in which he further addressed the issue of the trial court's failure to strike two jurors for cause. (# 19, Ex. 7).

On March 14, 2003, an evidentiary hearing concerning Petitioner's Amended Habeas Corpus Petition was conducted before the Honorable Herman G. Canady, Jr., sitting as Special Judge. Petitioner was represented by counsel, Ms. Campbell.  The

respondent was represented by Kanawha County Assistant Prosecuting Attorney Marybeth Kershner.  (# 19, Ex. 8).

On November 25, 2003, Judge Canady issued a Ruling on Petition of Habeas Corpus, addressing the merits of each of Petitioner's claims in his Amended Petition, and denying the Amended Petition in its entirety.  (# 7, Ex. 4).  On June 2, 2004, Petitioner, by counsel, filed a Petition for Appeal concerning the denial of his Kanawha County habeas petition.  (# 7, Ex. 5).  The Petition for Appeal asserted the following grounds for relief:

> A.   The Circuit Court erred in ruling that the ineffective assistance of counsel claim where trial counsel called as a character witness the man who posted Petitioner's bond on a second and subsequent sexual assault charge was fully and fairly litigated.
>
> B.   The Circuit Court erred in ruling that trial counsel's failure to fully advise Petitioner of the effects of his testimony was cured by the trial court's inquiry.
>
> C.   The Circuit Court erred in ruling that failure to call Dr. Clayman as a witness in Petitioner's case in chief was not ineffective assistance of counsel because Dr. Clayman's testimony was not so material to the case as to likely bring a different result in the verdict.
>
> D.   The Circuit Court erred when it did not rule on Petitioner's claim that the State failed to disclose exculpatory evidence to his counsel.
>
> E.   The Circuit Court erred in ruling that Petitioner's argument that the petit jury was unconstitutionally selected because a member of the jury panel was not a Kanawha County citizen was fully and fairly litigated.

> F.  The Circuit Court erred in ruling that it was not
> ineffective assistance of counsel for the trial
> court to refuse to strike two jurors for cause when
> Petitioner's argument was that the denial violated
> his right to a fair trial.

(Id.)  On September 9, 2004, the SCAWV refused the Petition for
Appeal.  (Id.)  On September 17, 2004, Petitioner then filed the
instant section 2254 petition (# 1) and his motion to hold that
petition in abeyance (# 3).

Petitioner is asking this court to hold his Federal petition
in abeyance while he attempts to return to the State courts to
exhaust his remedies concerning claims that were not addressed in
his prior habeas corpus proceedings.  Respondent's response to the
Motion to Hold Petition in Abeyance states in pertinent part:

> In his Motion, Petitioner acknowledges that he has
> already had a direct appeal of his conviction, a circuit
> court habeas proceeding, and an appeal therefrom to the
> [SCAWV].  He claims that "Petitioner's Habeas Corpus
> Counsel seemed to have filed a mixed Petition, and
> Appeal, and left out important issues for the Circuit
> Court and Appellate Court to review.  This [sic] issues
> would be unexhausted issues." (Motion at 3.)  However,
> Petitioner has not identified any of these "important
> issues" that remain to be exhausted in state court, nor
> has he explained why they were not raised by him or his
> counsel during his state habeas proceeding and appeal.
>
> From a brief review of the record, it appears that
> Petitioner has exhausted his state remedies with regard
> to the claims presently contained in his federal
> petition, and that the petition itself is timely filed.
> However, because Petitioner has already had his "one full
> round" of state habeas corpus review, he is not entitled
> to seek further collateral review in state court.

(# 7 at 4-5).

8

Respondent further asserts that none of the factors justifying an abeyance are present in Petitioner's case. (Id. at 5-8). The Fourth Circuit has repeatedly refused requests to hold mixed petitions in abeyance. See, e.g., Evans v. Smith, 220 F.3d 306, 321-322 (4th Cir. 2000)(holding that district court did not abuse its discretion in denying a request to stay the federal proceedings so that the petitioner could exhaust another claim in state court). In cases where a court has allowed a petition to be held in abeyance, however, "the rationale behind most of those decisions was a concern that dismissal of such a petition, rather than abatement of the proceedings pending exhaustion, would result in the petitioner being forever barred from obtaining collateral review of his claims due to expiration of the statute of limitations." (# 7 at 8). Respondent asserts that "all of the claims presently contained in Petitioner's federal petition are exhausted, and he therefore runs no risk of having the petition dismissed as mixed under Rose v. Lundy, 455 U.S. 509, 511 (1982), rendering any subsequent petition untimely. In addition, Petitioner has no remaining state remedies available to him." (Id.)

On February 10, 2005, Petitioner filed a Reply in which he lists the specific claims he alleges that he addressed before the Circuit Court, and asserts (1) that his attorney "failed to raise issues, or call witnesses to support Petitioner's original Habeas

Corpus" and (2) that "a review of the Circuit Court's Ruling on Petition of Habeas Corpus, the Court did not address all of the Petitioner's Habeas Corpus Issues presented before the Court. It is evident by such failure, the Court did not review or deny the Habeas Corpus on its merits." (# 15 at 3). Petitioner further asserts that the Circuit Court's Order only addressed issues of ineffective assistance of counsel. (Id.) The specific claims listed by Petitioner in this document are:

Ground One:          Petit jury was unconstitutional[ly] selected and impaneled violating the Petitioner's Federal and State constitutional rights.

Ground Two:          Admission of highly prejudicial and inflammatory other evidence at trial violated the Petitioner's Federal and State constitutional rights.

Ground Three:        Court denied Petitioner's motion for psychological examination of alleged victim.

Ground Four:         Petitioner was denied his right to effective assistance of counsel in direct violation of his Federal and State constitutional rights.

  a.  Trial counsel did not show or discuss with Petitioner the pre-sentence report.

  b.  Trial counsel did not go over proposed plea agreement or possible consequences of conviction with Petitioner prior to trial.

  c.  Trial counsel did not introduce a December 16, 1993 report of the alleged victim's medical examination at Women and Children's Division of Charleston Area Medical Center, which showed no physical

evidence of sexual assault, or to cross-examine Dr. Kathleen Previll about that report.

d.  Trial counsel did not object to the testimony of State witness Joe Porworck, who was not on the State's pre-trial witness list.

e.  Trial counsel called Barry Bostic as a character witness for the Petitioner, knowing that Mr. Bostic had posted bond for the Petitioner on another sexual assault charge in June 1994.

f.  Trial counsel failed to present the testimony of Dr. David Clayman, a licensed clinical psychologist, whom the Petitioner had retained as an expert witness regarding the Petitioner's propensity for non-violence.

g.  Trial counsel failed to call three witnesses, pursuant to Rule 404(b) of the West Virginia Rules of Evidence, who could have testified that the Petitioner did not commit the June 1994 sexual assault.

h.  Trial counsel did not object to the Trial Court's failure to give a limiting instruction on Mr. Bostic's testimony regarding the Petitioner's second arrest.

i.  Trial counsel should have moved for a mistrial when the Petitioner's second arrest on a child sexual assault charge was made known to the jury.

j.  Trial counsel failed to object to an outburst by the alleged victim's mother during closing arguments.

k.  Trial counsel failed to meet with Petitioner in jail following his trial to discuss the pre-sentence report, motions for a new trial, and an appeal to the West Virginia Supreme Court.

11

l.   Trial counsel failed to show the Petitioner his pre-sentence report.

m.   Trial counsel failed to object to the prosecutor mentioning other alleged victims by name.

n.   Trial counsel failed to cross-examine South Charleston police officers who arrested Petitioner on the sexual abuse charges about a medical report that they claimed they had at the time of the arrest, when the report was not made available until ten days after the Petitioner's arrest.   Trial counsel should have impeached their credibility concerning this issue.

o.   Trial counsel failed to question the victim's brother about a statement he allegedly made to South Charleston police officers prior to the Petitioner's December 17, 1993 arrest.   Billy Short allegedly told police that he did not believe his brother Randy's accusations of sexual assault against the Petitioner.

p.   Trial counsel should have cross-examined the South Charleston police officers about why they did not take possession of the alleged victim's clothing for examination.

q.   Trial counsel failed to cross-examine Dr. Previll about the alleged victim's clothing and the contents of the medical report.

r.   Lead trial counsel hurried through the trial so that he could go on vacation.

s.   Trial counsel advised the Petitioner not to testify about a statement the alleged victim had made to him.

t.   Trial counsel failed to bring out differences in the victim's statements given to the police and to the examining

12

physician.

u.   Trial counsel failed to call Dr. Clayman as a witness at the November 1995 sentencing hearing, or to offer his report for mitigation purposes.

v.   Trial counsel failed to file a post-trial motion for acquittal or motion for a new trial.

w.   Trial counsel failed to advise Petitioner that he had a right to attend bench conferences.

x.   Trial counsel failed to pursue a pre-trial motion in limine to prohibit evidence of Petitioner's homosexuality.

Ground Five:          The Petitioner was denied his right to confront his accusers guaranteed by the Sixth Amendment to the Federal United States Constitution and Article III, §§ 10, 14 of the West Virginia Constitution when the prosecuting attorney mentioned alleged out-of-court statements by Terry and Jeremy White, and former Kanawha County Circuit Court Judge John Hey in their cross-examination.

Ground Six:           The State's failure to disclose during pre-trial discovery certain evidence that was favorable to the Petitioner.

Ground Seven:         Questions put to Barry Bostic about his posting of bond on the Petitioner's second arrest.

Ground Eight:         Rule 404(b) other crimes, wrongs, or acts evidence of other crimes wrongs, or acts not admissible to prove the character of a person, in order to show that he acted [i]n conformity there[with].

13

| | |
|---|---|
| Ground Nine: | Rule 403 of the West Virginia Rules of Evidence unfair prejudice to the Petitioner. |
| Ground Ten: | Failure of the trial court to include the Petitioner in bench conferences. |
| Ground Eleven: | Trial judge spoke to the jury, outside the presence of the Petitioner and/or Petitioner's counsel. |
| Ground Twelve: | The judge did not take Petitioner's reduction of sentence seriously. |
| Ground Thirteen: | Trial judge improperly refused to strike two veniremen for cause. |
| Ground Fourteen: | The State called a witness [not previously disclosed to the defense] to the stand for its "case in chief." |
| Ground Fifteen: | Constitutional rights not read to Petitioner. |
| Ground Sixteen: | Prosecuting attorney's misconduct. |
| Ground Seventeen: | False information provided by South Charleston Police Department that was put in Petitioner's pre-sentence investigation report. |
| Ground Eighteen: | Petitioner not kept informed. |

(# 15). Petitioner asserts that he raised all of these issues in his hand-written petition in the Kanawha County Circuit Court, and that his court-appointed counsel "failed to fully litigate and develop the record . . . ." (Id. at 27).

On February 18, 2005, Respondent filed a sur-reply in which he asserts that Petitioner has exhausted Grounds 1, 2, 4e., 4f., 4h.,

14

and 13, as presented in Petitioner's Reply.  Respondent further contends that the remaining grounds are not exhausted and have been procedurally defaulted.  Accordingly, Respondent requests that those grounds be dismissed.  (# 16).

On March 3, 2005, Petitioner then filed a sur-reply indicating that he "was in the process of submitting all issues now before the Circuit Court of Kanawha County, for a ruling . . . ."  (# 17).  A review of the docket of the Circuit Court of Kanawha County indicates that Petitioner filed a second habeas corpus petition in that court on March 28, 2005, and that matter remains pending. (Case No. 05-MISC-141).

## ANALYSIS

The United State Supreme Court recently addressed the issue of abatement in Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005).  The Court granted certiorari to resolve a circuit split, and held that a district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the State court, but only in limited circumstances.  The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court."  Id.

Based upon this precedent, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated good cause for a stay and abeyance in this case.  Petitioner had

the opportunity to address, and was required to address (under <u>Losh</u> <u>v. McKenzie</u>, 277 S.E.2d 606 (W. Va. 1981)), all of the claims he wished to assert in his first habeas corpus petition in Kanawha County.

While it is true that Petitioner's initial petition contained grounds in addition to those raised by Petitioner's appointed counsel in his Amended Petition, Petitioner had a full and fair hearing in the Circuit Court on the grounds raised in his Amended Petition. The record does not show that Petitioner tried to raise any additional grounds at that time.

Moreover, Petitioner waited until March 28, 2005, to file a second Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County. Pursuant to <u>Duncan v. Walker</u>, 533 U.S. 167 (2001), the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) continued to run after Petitioner filed his section 2254 petition and his Motion to Hold in Abeyance, and expired on or about February 21, 2005. Thus, the claims addressed in Petitioner's second Kanawha County habeas corpus petition would be untimely.

Petitioner's lack of diligence in presenting his additional claims to the State courts defeats any claim of good cause for a stay and abeyance. For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Motion to Hold Federal Habeas Corpus Petition in Abeyance (# 3). Petitioner should, however, be entitled to proceed on the claims

16

contained in his Federal petition which are timely and have been properly exhausted.   Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Petitioner has timely filed a petition and exhausted his State court remedies concerning the following claims:[1]

Ground One:   Petit jury was unconstitutionally selected and impaneled violating the Petitioner's Federal and State constitutional rights.   (This claim includes Petitioner's assertion that one of the jurors was not a Kanawha County resident, which was exhausted in his direct appeal, and also includes the failure to strike two veniremen for cause, which was exhausted in Petitioner's habeas proceedings.)

Ground Two:   Admission of highly prejudicial and inflammatory other evidence at trial violated Petitioner's Federal and State constitutional rights.   (This claim was exhausted in Petitioner's direct appeal).

Ground Three:  Ineffective assistance of counsel.

a.   Trial counsel called Barry Bostic as a character witness for the Petitioner, knowing that Mr. Bostic had posted bond for the Petitioner on a June 1994 arrest for another alleged sexual assault.

b.   Trial counsel failed to object to the Trial Court's failure to give a limiting instruction concerning Mr. Bostic's testimony.

---

[1] For ease of reference, the undersigned has renumbered the exhausted grounds.   The parties shall, from this point forward, refer to the grounds by these designations.

   c. Trial counsel failed to present the testimony of Dr. Clayman, a licensed clinical psychologist, whom the Petitioner had retained as an expert witness regarding Petitioner's propensity for non-violence.

   d. Trial counsel failed to move for a mistrial after evidence of Petitioner's second arrest for sexual assault was made known to the jury.

Ground Four: The State failed to disclose exculpatory evidence.

Ground Five: The trial judge improperly refused to strike two veniremen for cause.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder

v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

_____May 11, 2005_____
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge