```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**GERALD MOLLOHAN,**

      **Petitioner**

**v.**                                           **Civil Action No.: 2:04-1021**

**THOMAS MCBRIDE, Warden,**
**Mount Olive Correctional Complex,**

      **Respondent**

## MEMORANDUM OPINION AND ORDER

Pending are (1) a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and (2) petitioner's motion to hold the petition in abeyance. Both the petition and motion were filed September 17, 2004. This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who, on May 11, 2005, submitted her Proposed Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The petitioner and the respondent have each filed objections, respectively on May 24 and 27, 2005. The court has reviewed de novo the Proposed Findings and Recommendation. The court does not recount the thorough factual and procedural development undertaken therein.

The magistrate judge recommends denial of the motion to hold in abeyance because petitioner has not demonstrated good cause for failing to diligently present his additional,

unexhausted claims to the state courts.  Although petitioner objects to this recommendation, the magistrate judge is correct.

The Supreme Court held recently in <u>Rhines v. Weber</u>, 125 S. Ct. 1528 (2005), that a court should stay consideration of a mixed federal habeas petition "<u>if the petitioner had good cause for his failure to exhaust</u>, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Id.</u> at 1535 (emphasis added).  The magistrate judge concluded petitioner failed to satisfy <u>Rhines</u>' good cause requirement because, despite the fact "[p]etitioner had a full and fair hearing in the Circuit Court on the grounds raised[,]" he did not attempt "to raise any additional grounds at that time."  (PF&R at 16.)  Petitioner's objection is not meritorious.

The respondent's objection, however, is another matter.  The respondent "concurs with the PF&R in all respects but one."  (Resp.'s Objec. at 1.)  He asserts, contrary to the magistrate judge, that petitioner failed to exhaust an ineffective assistance of counsel claim arising out of the putative failure of petitioner's lawyer to move for a mistrial after the jury learned of petitioner's prior, second arrest for sexual assault.  Although this issue was raised in an amended habeas corpus

petition filed with the circuit court, the issue was not then appealed as a matter of course to the West Virginia Supreme Court of Appeals. To satisfy the exhaustion requirement and avoid procedural default, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Petitioner having failed to do so, the court FINDS he has not exhausted this portion of his ineffective assistance of counsel claim. Respondent's objection is sustained.

With this modification, the court ORDERS that:

1. The Proposed Findings and Recommendation be, and it hereby is, adopted by the court;

2. The petitioner's motion to hold his petition in abeyance be, and it hereby is, denied; and

3. This action is referred anew to the magistrate judge, pursuant to the terms of the original referral order, for further development of petitioner's exhausted claims.

The Clerk is directed to forward copies of this written opinion and order to the pro se petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: June 1, 2005

John T. Copenhaver, Jr.
United States District Judge

3