```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**GERALD MOLLOHAN,**

    Petitioner

v.                                    Civil Action No.: 2:04-1021

**THOMAS MCBRIDE, Warden,**
**Mount Olive Correctional Complex,**

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is the respondent's consolidated motion to dismiss and for summary judgment filed June 15, 2005.

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who, on January 31, 2006, submitted her proposed findings and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  The petitioner filed his objections on March 13, 2006.  The court has reviewed <u>de novo</u> the proposed findings and recommendation.  The thorough factual and procedural development contained therein is not repeated here.  Each of the petitioner's objections are addressed below

I.

The petitioner's first objection relates to his third ground for relief.  The third ground alleges ineffective assistance of counsel.  Petitioner contends his appointed counsel failed (1) to call psychologist Dr. David Clayman to explain petitioner's "background[,]" (2) to call "important eye witnesses" concerning petitioner's whereabouts on the day in question, (3) to raise "proper objections[,]" and (4) to thoroughly investigate the case.  (Pet.'s Objecs. at 3).  Petitioner also appears to assert the state review process unreasonably applied federal law to this ground for relief.

Inasmuch as the second, third, and fourth contentions lack any specificity, the petitioner has not demonstrated an error occurred, much less that he is entitled to relief.  Regarding the failure to call Dr. Clayman, petitioner offers little if any substance to counter the magistrate judge's very thorough discussion of why petitioner cannot satisfy the <u>Strickland</u> prejudice prong as to this argument.  The court, accordingly, finds the objections relating to ground three to lack merit.

The petitioner's second objection relates to the fourth ground for relief. The fourth ground appears to also allege ineffective assistance, arising from appointed counsel's failure to notice or object to an alleged <u>Brady</u> violation resulting from the state's putative failure to disclose exculpatory evidence prior to trial. The petitioner does not discuss the evidence he claims was not disclosed. This is particularly surprising in view of the magistrate judge's observation that there was "some confusion between the parties as to what evidence this claim was meant to address." (PF&R at 36-37).

Also, and despite the lack of clarity concerning petitioner's challenge, the magistrate judge devoted considerable effort and analysis to resolve the issue. Her well-reasoned conclusion is entirely supported by the record: "[p]etitioner present[ed] no proof whatsoever to support that the prosecution was in possession of exculpatory evidence that it failed to disclose." (<u>Id.</u> at 45). The court, accordingly, finds the objection relating to ground four lacks merit.

In his third and final objection, petitioner challenges the magistrate judge's conclusion as to ground five. The fifth ground also alleges ineffective assistance of counsel. The objection, however, states only that the court should grant an

evidentiary hearing on the matter to "further develop the record . . . ." (Pet.'s Objecs. at 6). Petitioner points to no error committed by the magistrate judge in her discussion of this ground. Inasmuch as he has failed to make any specific challenge to the magistrate judge's findings, analysis, or recommendation on the point, petitioner's objection is meritless.

## II.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That the proposed findings and recommendation be, and it hereby is, adopted by the court;

2. That the respondent's motion to dismiss be, and it hereby is, denied as to Grounds One (a) and Two of petitioner's revised petition;

3. That the respondent's motion for summary judgment be, and it hereby is, granted as to all of the grounds stated in petitioner's revised petition; and

4. That this action be, and it hereby is, dismissed and stricken from the docket.

**The Clerk is directed to forward copies of this written opinion and order to the pro se petitioner, all counsel of record, and the United States Magistrate Judge.**

**DATED: March 15, 2006**

**John T. Copenhaver, Jr.
United States District Judge**